**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| James Lamont Frazier, | ) | C/A No. 4:11-3431-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| County of Charleston; Charleston County | ) | |
| Sheriff's Office; J. Al Cannon, Jr., in his | ) | |
| official capacity as Sheriff of Charleston | ) | |
| County; Charleston County Detention | ) | |
| Center; Mitch Lucas, in his official capacity | ) | |
| as Administrator of the Charleston County | ) | |
| Detention Center; Corizon Health, Inc., | ) | |
| f/k/a Prison Health Services, Inc.; Carolina | ) | |
| Center for Occupational Health; and John | ) | |
| Does 1-5; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff also asserts state law claims for negligence and medical malpractice. Defendants County of Charleston ("Charleston County") and Charleston County Detention Center ("CCDC") filed a motion to dismiss. Dkt. No. 39. Defendant Corizon Health, Inc. ("Corizon") filed a first motion to dismiss (Dkt. No. 43) and a motion to dismiss, for judgment on the pleadings, or in the alternative, for summary judgment (Dkt. No. 63).[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers for pre-trial proceedings

---

[1] The Report treats Corizon's second motion (Dkt. No. 63) as one for summary judgment based on the Magistrate Judge's consideration of an affidavit submitted along with the motion.

and a Report and Recommendation ("Report"). On January 18, 2012, the Magistrate Judge issued a Report recommending that Charleston County and CCDC's motion to dismiss be granted as to CCDC and denied as to Charleston County; Corizon's first motion to dismiss be denied as moot; and Corizon's motion for summary judgment be denied. Dkt. No. 96 (Report). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Corizon filed objections to the Report on January 28, 2012. Dkt. No. 99. Plaintiff filed a response to Corizon's objections on February 14, 2013 (Dkt. No. 101), to which Corizon replied on February 15, 2013 (Dkt. No. 103).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**Charleston County and CCDC's Motion to Dismiss (Dkt. No. 39).** No party has objected to the Report's recommendation that Charleston County and CCDC's motion to dismiss should be granted as to CCDC because CCDC is not a "person" to subject to suit under § 1983. Report at 6 (citing, *e.g.*, *Aiken v. Cannon*, No. 2:10-cv-2664-RBH, 2011 WL 704662, *3 (D.S.C. Feb. 22, 2011) ("The CCDC is an entity, facility, or group of buildings, and not a 'person acting under the color of state law.")). Similarly, no party has objected to the Report's recommendation that the motion should be denied as to Charleston County. Charleston County argued that it is not a proper party

2

because Charleston County Sheriff's Office, not Charleston County, is responsible for Plaintiff's incarceration. The Report concluded that it is not proper on a motion to dismiss to determine whether Charleston County had any involvement in Plaintiff's incarceration, evaluation, or treatment because "there are circumstances under which a County, as opposed to the Sheriff, may assume control over a detention center." Report at 6-7.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the recommendations of the Magistrate Judge as to Charleston County and CCDC's motion to dismiss: the motion to dismiss is granted as to CCDC and denied as to Charleston County.

**Corizon's First Motion to Dismiss (Dkt. No. 43).** Corizon filed a motion to dismiss arguing that Plaintiff failed to file an affidavit of an expert witness contemporaneously with his Second Amended Complaint as required by S.C. Code Ann. § 5-36-100.[2] With the consent of all Defendants, Plaintiff cured this deficiency by filing a Third Amended Complaint, which included an expert affidavit. As explained in the Report, the filing of the Third Amended Complaint with the expert affidavit moots Corizon's first motion to dismiss.

**Corizon's Motion for Summary Judgment (Dkt. No. 63).** Plaintiff alleges two state law claims against Corizon: a negligence claim for failing to protect Plaintiff from contracting tuberculosis and a medical malpractice claim for failing to properly diagnose and treat Plaintiff's tuberculosis. The court considers Corizon's arguments as to each claim below.

*(1) Medical Malpractice.* As explained in the Report, S.C. Code Ann. § 15–36–100 requires

---

[2] S.C. Code Ann. § 15–36–100 requires that a plaintiff alleging medical malpractice file with his complaint the affidavit of an expert witness identifying at least one negligent act or omission. S.C. Code Ann. § 15-36-100(B).

3

a plaintiff in a medical malpractice action "to craft a viable complaint supported by the sworn testimony of a qualified expert witness." *Ranucci v. Crain*, 723 S.E.2d 242, 247 (S.C. Ct. App. 2012). The sworn testimony must be submitted by affidavit as part of the complaint and "must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code Ann. § 15-36-100(B). Plaintiff attached the affidavit of Dr. Christopher Parsons to his Third Amended Complaint. Through that affidavit, Dr. Parsons avers that "[f]ollowing earlier requests for treatment of chest pain and numbness, Plaintiff requested treatment for problems with his right eye, facial numbness, and weakness on his right side during October and November 2009." Dkt. No. 45-1 at 2, ¶ 7 (Parsons Aff.). Dr. Parsons identifies additional later dated acts, which he opines were negligent acts. Corizon argues that the affidavit attached to the Third Amended Complaint fails to allege a negligent act by Corizon.[3] According to Corizon, its contract with CCDC terminated on June 30, 2009, and Defendant Carolina Center for Occupational Health began providing health care services for CCDC on July 1, 2009. Because the earliest negligent act identified by Dr. Parsons is October 2009, Corizon argues that Plaintiff's medical malpractice claim against it fails as a matter of law.

The Report found that Plaintiff is entitled to discovery on the issue of when Corizon provided health services to CCDC inmates and whether Corizon committed any negligent act. The court agrees. Through its objections, Corizon argues that Plaintiff has obtained discovery on those issues while this motion was pending, which "shows that [Plaintiff] will not be able to meet his burden of

---

[3] Corizon also argued to the Magistrate Judge that Dr. Parsons, the affiant, is not qualified to offer the opinion set forth in his affidavit. In its objections, Corizon stated that it withdraws that argument. The court, therefore, need not address this issue. Accordingly, the court does not adopt this portion of the Report.

4

proof."[4] Dkt. No. 99 at 2. Specifically, Corizon argues that the evidence shows that its contract with CCDC terminated on June 30, 2009, and that Dr. Parsons, Plaintiff's only medical expert, has no opinion as to any negligent act prior to July 1, 2009. The court, however, declines Corizon's invitation to consider these additional facts at this time, as those facts are more properly raised in a post-discovery motion for summary judgment. The court, therefore, rejects Corizon's objections as to Plaintiff's medical malpractice claim.

  *(2) Negligence.* Plaintiff also alleges a negligence claim against Corizon for failing to prevent the spread of tuberculosis within the CCDC. Corizon argues that Plaintiff's negligence claim is really a medical malpractice claim, that must be supported by affidavit pursuant to § 15-36-100. Corizon contends that Plaintiff's negligence claim fails because Dr. Parson's affidavit does not address any failure to prevent the spread of tuberculosis within the CCDC. As explained in the Report, "[i]t is undisputed that Dr. Parsons does not address this claim of negligence within his Affidavit." The Report, however, explains that Corizon has not identified any authority that Plaintiff's negligence claim, which is based on the failure to prevent the spread of disease rather than failure to diagnose or treat a patient, is governed by § 15-36-100. The Report recommends that Corizon's motion be denied as to Plaintiff's negligence claim.

  Corizon objects to the Report's finding that it failed to cite any authority to support its position that Plaintiff's negligence claim is one for medical malpractice. Relying on *Millmine v. Harris*, No. 3:10-1595-CMC, 2011 WL 317643, *1 (D.S.C. Jan. 31, 2011), Corizon argues that "even though a Plaintiff does not plead his claim as a claim for medical malpractice, when a

---

  [4] The Third Amended Scheduling Order sets a discovery deadline of February 28, 2013. Discovery was stayed on January 18, 2013, pending resolution of Corizon's motion for summary judgment. The discovery stay was imposed on the same date that the Report was issued.

negligence claim arises from injuries resulting from negligent treatment, and the Defendant's only presence at the detention center is to provide medical care for its inmates, the Plaintiff's action is one for medical malpractice." Dkt. No. 99 at 10. In *Millmine*, the court held that "when a negligence claim arises from injuries resulting from negligent medical *treatment*, the action is one for medical malpractice." 2011 WL 317643 at *1 (emphasis added). However, in this case, Plaintiff alleges a negligence claim based on a failure to prevent the spread of tuberculosis within a prison setting, which is distinct from his medical malpractice claim based on negligent medical treatment.

Corizon also argues that its only role at CCDC was to provide medical treatment, and that it is "undisputed" that "its singular role at the CCDC was to 'furnish a comprehensive Inmate Health Care Program for the Charleston County Detention Center.'" Corizon contends that it had no contractual duty to prevent the spread of infectious diseases at CCDC. Finally, Corizon argues that even if Plaintiff's claim sounds in general negligence, Plaintiff is unable to prove causation. Corizon cites the deposition of Dr. Parsons, arguing that he was unable to opine as to when Plaintiff contracted tuberculosis (pre or post July 1, 2009), and whether Plaintiff contracted tuberculosis as a result of any failure by Corizon to protect Plaintiff from other infected individuals or to prevent the spread of tuberculosis in CCDC. These arguments are better suited for a post-discovery motion for summary judgment. The court, therefore, rejects Corizon's objections as to Plaintiff's negligence claim.

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the findings of the Report. Therefore, the court adopts the Report by reference in this Order.

## CONCLUSION

For reasons set forth above and in the Report, Defendants Charleston County and CCDC's motion to dismiss (Dkt. No. 39) is granted as to Defendant CCDC and denied as to Defendant Charleston County. Defendant Corizon's first motion to dismiss is denied as moot (Dkt. No. 43) and motion for summary judgment is denied (Dkt. No. 63) without prejudice to renewal after close of discovery. This matter is referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 13, 2013

7