**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | |
| **v.** | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| **CAROLINA CENTER FOR OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

s/ Seth W. Whitaker
Brian C. Duffy  (Fed. Bar No. 9491)
bduffy@duffyandyoung.com
Seth W. Whitaker (Fed. Bar No. 10244)
swhitaker@duffyandyoung.com
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, South Carolina 29401
Phone:  843-720-2044
Fax:  843-720-2047

Roger S. Dixon
rogerdixon@dixonlawfirm.net
Dixon Law Firm
105 Wappoo Creek Drive, Suite 3B
Charleston, S.C.  29412
Phone: 843-637-4695
Fax: 866 514-5156

*Attorneys for Plaintiff*

July 9, 2015
Charleston, South Carolina

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,**<br><br>                              **Plaintiff,**<br><br>        **v.**<br><br>**CAROLINA CENTER FOR OCCUPATIONAL HEALTH, LLC,**<br><br>                              **Defendant.** | **PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 1 (MEDICAL MALPRACTICE - DEFINITION)** |

IN A CASE OF THIS NATURE NEGLIGENCE IS THE FAILURE TO DO THAT WHICH AN ORDINARY, CAREFUL AND PRUDENT PHYSICIAN WOULD DO UNDER THE CIRCUMSTANCES SHOWN BY THE EVIDENCE TO HAVE EXISTED AT THE TIME OF THE TRANSACTION IN QUESTION, OR, IT IS THE DOING OF THAT WHICH AN ORDINARY, CAREFUL AND PRUDENT PHYSICIAN WOULD NOT HAVE DONE UNDER THE SAME CIRCUMSTANCES.

Cox v. Lund, 286 S.C. 410, 415-16, 334 S.E.2d 116, 119 (1985).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

                          **Plaintiff,**

    **v.**

**CAROLINA CENTER FOR**
**OCCUPATIONAL HEALTH, LLC,**

                          **Defendant.**

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTION No. 2**
**(RECKLESSNESS, WILLFULNESS, AND**
**WANTONNESS)**

THE WORDS RECKLESSNESS, WILLFULNESS AND WANTONNESS ARE SYNONYMOUS. THE TERMS ARE USED TO DESCRIBE A CONSCIOUS FAILURE TO EXERCISE AND OBSERVE REASONABLE OR DUE CARE.

WHILE A NEGLIGENT PERSON IS ONE WHO ACTS CARELESSLY, A PERSON WHOSE BEHAVIOR IS RECKLESS, WILLFUL AND/OR WANTON IS NOT ONLY CARELESS IN HIS ACTIONS, BUT IS ALSO AWARE THAT HE IS CARELESS.

Anderson's Requests to Charge—Civil, § 22-1.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

**Plaintiff,**

v.

**CAROLINA CENTER FOR**
**OCCUPATIONAL HEALTH, LLC,**

**Defendant.**

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTION No. 3**
**(RECKLESSNESS—DEFINITION)**

RECKLESSNESS IS THE CONSCIOUS FAILURE TO EXERCISE DUE CARE. RECKLESSNESS IS CONDUCT WHEREBY THE ACTOR DOES NOT DESIRE HARMFUL CONSEQUENCE BUT NONETHELESS FORESEES THE POSSIBILITY AND CONSCIOUSLY TAKES THE RISK. RECKLESSNESS INVOLVES A GREATER DEGREE OF FAULT THAN NEGLIGENCE BUT A LESSER DEGREE OF FAULT THAN INTENTIONAL WRONGDOING.

Anderson's Requests to Charge—Civil, § 22-1; Black's Law Dictionary (10th ed. 2014).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | |
| **v.** | **PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 4 (WILLFULNESS—DEFINITION)** |
| **CAROLINA CENTER FOR OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

WILLFULNESS EXISTS WHEN A PERSON ACTS PURPOSELY, DELIBERATELY, OR WITH INTENTION.  WILLFULNESS DOES NOT NECESSARILY IMPLY MALICE, BUT IT INVOLVES MORE THAN JUST KNOWLEDGE.  A CONSCIOUS FAILURE TO EXERCISE DUE CARE CONSTITUTES WILLFULNESS.  A VOLUNTARY AND INTENTIONAL DISREGARD OF A KNOWN LEGAL DUTY ALSO CONSTITUTES WILLFULNESS.

Black's Law Dictionary (10th ed. 2014); Welch v. Epstein, 342 S.C. 279, 301, 536 S.E.2d 408, 419 (Ct. App. 2000).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

                                   **Plaintiff,**

            **v.**

**CAROLINA CENTER FOR**
**OCCUPATIONAL HEALTH, LLC,**

                                   **Defendant.**

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTION No.  5**
**(WONTONNESS—DEFINITION)**


WANTONNESS IS CONDUCT INDICATING THAT A PERSON IS AWARE OF THE

RISKS OF THEIR ACTIONS BUT IS INDIFFERENT AS TO THE RESULTS.


Black's Law Dictionary (10th ed. 2014).

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

**Plaintiff,**

**v.**

**CAROLINA CENTER FOR
OCCUPATIONAL HEALTH, LLC,**

**Defendant.**

**PLAINTIFF'S PROPOSED JURY
INSTRUCTION No. 6
(GROSS NEGLIGENCE—DEFINITION)**

GROSS NEGLIGENCE IS THE INTENTIONAL CONSCIOUS FAILURE TO DO SOMETHING WHICH IT IS INCUMBENT UPON ONE TO DO OR THE DOING OF A THING INTENTIONALLY THAT ONE OUGHT NOT TO DO.

Clark v. S. Carolina Dep't of Pub. Safety, 362 S.C. 377, 383, 608 S.E.2d 573, 576-77 (2005).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

                                        **Plaintiff,**

            **v.**

**CAROLINA CENTER FOR**
**OCCUPATIONAL HEALTH, LLC,**

                                **Defendant.**

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTION No. 7**
**(EFFECT OF SUBSEQUENT**
**NEGLIGENCE)**

THE INTERVENING NEGLIGENCE OF A THIRD PARTY WILL NOT EXCUSE THE FIRST WRONGDOER IF SUCH INTERVENTION OUGHT TO HAVE BEEN FORESEEN IN THE EXERCISE OF DUE CARE. IN SUCH CASE, THE ORIGINAL NEGLIGENCE STILL REMAINS ACTIVE, AND A CONTRIBUTING CAUSE OF THE INJURY.

Fettler v. Gentner, 396 S.C. 461, 467, 722 S.E.2d 26, 29 (Ct. App. 2012); Manios v. Nelson Mullins Riley & Scarborough, LLP, 389 S.C. 126, 697 S.E.2d 644 (Ct. App. 2010).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

                            **Plaintiff,**

        **v.**

**CAROLINA CENTER FOR**
**OCCUPATIONAL HEALTH, LLC,**

                            **Defendant.**

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTION No. 8**
**(PRUDENCE - DEFINITION)**

TO BE PRUDENT MEANS TO BE SENSIBLE AND CAREFUL, ESPECIALLY IN TRYING TO AVOID UNNECESSARY RISKS, OR TO BE CIRCUMSPECT OR JUDICIOUS IN ONE'S ACTIVITIES.

Black's Law Dictionary (10th ed. 2014).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

JAMES LAMAR FRASIER,

                         **Plaintiff,**

    v.

CAROLINA CENTER FOR
OCCUPATIONAL HEALTH, LLC,

                     **Defendant.**

**PLAINTIFF'S PROPOSED JURY
INSTRUCTION No. 9
(ACTUAL DAMAGES)**

IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO A VERDICT, YOUR NEXT STEP WOULD BE TO DECIDE HOW MUCH MONEY THE DEFENDANT SHOULD BE REQUIRED TO PAY.

ACTUAL DAMAGES ARE TO COMPENSATE THE PLAINTIFF FOR THE PLAINTIFF'S INJURIES OR LOSS AND TO PUT THE PLAINTIFF, AS NEAR AS POSSIBLE, IN THE SAME POSITION THAT THE PLAINTIFF WAS IN BEFORE THE INCIDENT OCCURRED. IN OTHER WORDS, ACTUAL DAMAGES WOULD BE THE ACTUAL LOSSES AND EXPENSES WHICH THE PLAINTIFF HAS SUFFERED BECAUSE OF THE DEFENDANT'S NEGLIGENCE.

ACTUAL DAMAGES FOR A PLAINTIFF WHO HAS BEEN PHYSICALLY INJURED INCLUDE PAIN AND SUFFERING -- BOTH PAST AND FUTURE -- AS WELL AS MENTAL ANGUISH, IMPAIRMENT OF HEALTH OR PHYSICAL CONDITION, AND DISFIGUREMENT. THE PLAINTIFF MAY ALSO CLAIM LOST WAGES DUE TO ABSENCE FROM WORK AND REDUCED EARNING ABILITY FOR THE FUTURE.

IN DETERMINING THE AMOUNT OF COMPENSATION FOR PERSONAL INJURIES, IT IS PROPER TO CONSIDER PAST AND PRESENT ASPECTS OF THE INJURY.  THIS WOULD INCLUDE PHYSICAL AND MENTAL PAIN AND SUFFERING, EXPENSES INCURRED FOR NECESSARY MEDICAL TREATMENT, LOSS OF TIME AND INCOME WHICH RESULTED FROM THE IMPAIRMENT OF THE ABILITY TO WORK AND EARN A LIVELIHOOD, THE LOSS OF ENJOYMENT OF LIFE SUFFERED AS A RESULT OF THE INJURY, AND ANY OTHER LOSSES WHICH ARE REFLECTED BY THE CHARACTER OF THE INJURY.

THE INJURED PARTY MAY RECOVER FOR THOSE FUTURE DAMAGES THAT ARE REASONABLY SURE TO RESULT FROM THE INJURIES.  THE PRINCIPLE UNDERLYING COMPENSATION FOR FUTURE DAMAGES IS THAT ONLY ONE ACTION CAN BE BROUGHT AND, THEREFORE, ONLY ONE RECOVERY HAD.  IT IS PROPER TO INCLUDE IN THE ESTIMATE OF FUTURE DAMAGES COMPENSATION OR LOSS OF CAPACITY FOR WORK OR ATTENTION TO THE PLAINTIFF'S ORDINARY BUSINESS, FUTURE MEDICAL EXPENSES, AND PAIN AND SUFFERING WHICH WILL, WITH REASONABLE CERTAINTY, RESULT.

Carjow, LLC v. Simmons, 349 S.C. 514, 563 S.E.2d 359 (Ct. App. 2002); Clark v. Cantrell, 339 S.C. 369, 529 S.E.2d 528 (2000); Boan v. Blackwell, 343 S.C. 498, 541 S.E.2d 242 (2001).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | |
| **v.** | **PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 10 (PAIN AND SUFFERING)** |
| **CAROLINA CENTER FOR OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

PAIN AND SUFFERING COMPENSATES THE PLAINTIFF FOR PHYSICAL DISCOMFORT AND EMOTIONAL RESPONSE TO THE SENSATION OF PAIN CAUSED BY THE INJURY ITSELF. THERE IS NO DEFINITE STANDARD BY WHICH TO COMPENSATE THE PLAINTIFF FOR PAIN AND SUFFERING. YOU HAVE THE AUTHORITY TO DETERMINE THE AMOUNT, IF ANY, TO BE ALLOWED FOR PAIN AND SUFFERING, USING CALM AND REASONABLE JUDGMENT TO ENSURE THAT THE DAMAGES ARE JUST AND REASONABLE IN LIGHT OF THE TESTIMONY AND EVIDENCE PRESENTED IN THE CASE.

Rhodan v. United States, 754 F.Supp. 76 (D.S.C. 1991); Harper v. Bolton, 239 S.C. 541, 124 S.E.2d 54 (1962); Smalls v. South Carolina Dep't of Educ., 339 S.C. 208, 528 S.E.2d 682 (Ct. App. 2000); Haskins v. Fairfield Elec. Coop., 283 S.C. 229, 321 S.E.2d 185 (Ct. App. 1984).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

**Plaintiff,**

**v.**

**CAROLINA CENTER FOR
OCCUPATIONAL HEALTH, LLC,**

**Defendant.**

**PLAINTIFF'S PROPOSED JURY
INSTRUCTION No.  11
(MENTAL SUFFERING)**

 

MENTAL SUFFERING, APPREHENSION, SHOCK, FRIGHT, EMOTIONAL UPSET, HUMILIATION, AND ANXIETY, EITHER PRESENT OR EXPECTED IN THE FUTURE, CAN BE PROPERLY CONSIDERED AS AN ELEMENT OF DAMAGES. THE AMOUNT OF DAMAGES FOR MENTAL SUFFERING CANNOT BE EXACTLY MEASURED.

Mims v. Florence County Ambulance Serv. Comm'n, 296 S.C. 4, 370 S.E.2d 96 (Ct. App. 1988).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | **PLAINTIFF'S PROPOSED JURY** |
| **v.** | **INSTRUCTION No. 12** |
| | **(LOSS OF ENJOYMENT OF LIFE)** |
| **CAROLINA CENTER FOR** | |
| **OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

LOSS OF ENJOYMENT OF LIFE COMPENSATES THE PLAINTIFF FOR LIMITATIONS ON THE PLAINTIFF'S ABILITY TO PARTICIPATE IN, AND DERIVE PLEASURE FROM, THE NORMAL ACTIVITIES OF DAILY LIFE.

Boan v. Blackwell, 343 S.C. 498, 541 S.E.2d 242 (2001).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | **PLAINTIFF'S PROPOSED JURY** |
| **v.** | **INSTRUCTION No. 13** |
| **CAROLINA CENTER FOR OCCUPATIONAL HEALTH, LLC,** | **(LOSS OF EARNING CAPACITY)** |
| **Defendant.** | |

THE LOSS OR IMPAIRMENT OF EARNING CAPACITY RESULTING FROM INJURIES TO THE PLAINTIFF IS A PROPER ELEMENT OF DAMAGES.  IN DETERMINING THE AMOUNT OF DAMAGES DUE TO THE PLAINTIFF FOR LOSS OR IMPAIRMENT OF EARNING CAPACITY, YOU SHOULD CONSIDER THE FOLLOWING:

(1)  THE LOSS OF FUTURE EARNING POWER.  THIS REQUIRES YOU TO CONSIDER ALL MATTERS THAT RELATE TO THE ISSUE OF ANY IMPAIRMENT;

(2) THE EFFECT WHICH THE IMPAIRMENT WILL HAVE ON THE PLAINTIFF'S CAPACITY TO WORK;

(3) THE EXTENT TO WHICH THE IMPAIRMENT WILL IMPAIR THE PLAINTIFF'S EARNING CAPACITY;

(4) THE PRESENT VALUE OF ALL LOSSES DUE TO THE PLAINTIFF'S IMPAIRED EARNING POWER AND THE PHYSICAL PAIN AND SUFFERING AS REASONABLY CERTAIN WILL RESULT IN THE FUTURE FROM THE INJURIES TO THE PLAINTIFF; AND

(5) THE EVIDENCE OF WHAT THE PLAINTIFF HAD PREVIOUSLY EARNED WHEN EMPLOYED IN THE PAST IS A FACTOR ON WHICH TO BASE ANY LOSS OR IMPAIRMENT OF EARNING CAPACITY.

IN AWARDING DAMAGES FOR LOSS OR IMPAIRMENT TO EARNING CAPACITY, THE PLAINTIFF MAY RECOVER FOR THE LOSS OR DECREASE OF EARNING CAPACITY DURING HIS ENTIRE EXPECTANCY OF LIFE.   IN DETERMINING THE LOSS OF EARNING CAPACITY WHICH MAY RESULT IN THE FUTURE, THE FACT THAT THE PLAINTIFF IS MAKING THE SAME OR MORE EARNINGS SINCE THE INJURY IS ONLY ONE FACTOR TO CONSIDER.

IF YOU DETERMINE THAT THE PLAINTIFF IS ENTITLED TO DAMAGES FOR IMPAIRMENT OF EARNING CAPACITY, THEN YOU MUST DECIDE THE AMOUNT OF THE DAMAGES USING THE LIFE EXPECTANCY TABLE AS A GUIDE.

Steeves v. United States, 294 F.Supp. 446 (D.S.C. 1968); Ray v. United States, 277 F.Supp. 952 (D.S.C. 1968); Doremus v. Atlantic Coast Line R., 242 S.C. 123, 130 S.E.2d 370 (1963); Matthews v. Porter, 239 S.C. 620, 124 S.E.2d 321 (1962); Haselden v. Atlantic Coast Ry. Co., 214 S.C. 410, 53 S.E.2d 60 (1949).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

**JAMES LAMAR FRASIER,**

                            **Plaintiff,**

        **v.**

**CAROLINA CENTER FOR
OCCUPATIONAL HEALTH, LLC,**

                            **Defendant.**

**PLAINTIFF'S PROPOSED JURY
INSTRUCTION No. 14
(PERMANENT INJURY – LIFE
EXPECTANCY)**

IF YOU FIND THAT THE PLAINTIFF WAS PERMANENTLY INJURED AS A RESULT OF THE DEFENDANT'S ACTIONS, YOU MUST THEN DECIDE HOW, IF AT ALL, THAT INJURY WILL AFFECT THE REST OF THE PLAINTIFF'S LIFE. A PERSON'S LIFE EXPECTANCY IS DETERMINED BY A LIFE EXPECTANCY TABLE WHICH IS A PART OF THE LAWS OF THIS STATE. THE LIFE EXPECTANCY TABLE IS ONLY AN ESTIMATE OF THE PROBABLE AVERAGE REMAINING LENGTH OF THE LIFE OF ALL PERSONS IN OUR STATE OF A GIVEN AGE. THE PLAINTIFF WAS A THIRTY-THREE (33) YEAR OLD MALE IN FEBRUARY OF 2010, WITH A LIFE EXPECTANCY, ACCORDING TO THE LIFE EXPECTANCY TABLE, OF FORTY-FOUR POINT NINE FIVE (44.95) YEARS. THIS FACT IS TO BE CONSIDERED BY YOU ALONG WITH ANY OTHER FACTS AND CIRCUMSTANCES IN EVIDENCE BEARING ON THE PLAINTIFF'S LIFE EXPECTANCY INCLUDING OCCUPATION, HABITS, AND HEALTH AT THE TIME OF THE INJURY IN DECIDING THE AMOUNT OF DAMAGES TO BE AWARDED TO THE PLAINTIFF.

S.C. Code Ann. § 19-1-150; Haselden v. Davis, 341 S.C. 486, 534 S.E.2d 295 (Ct. App. 2000).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | **PLAINTIFF'S PROPOSED JURY** |
| **v.** | **INSTRUCTION No. 15** |
| | **(COLLATERAL SOURCE RULE)** |
| **CAROLINA CENTER FOR** | |
| **OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

SOUTH CAROLINA FOLLOWS WHAT IS KNOWN AS THE COLLATERAL SOURCE RULE. THIS RULE STATES THAT COMPENSATION RECEIVED BY AN INJURED PARTY FROM A SOURCE WHOLLY INDEPENDENT OF THE WRONGDOER WILL NOT REDUCE THE DAMAGES OWED BY THE WRONGDOER. A SOURCE IS WHOLLY INDEPENDENT WHEN ANY PAYMENTS IT MADE TO PLAINTIFF WERE NOT MADE ON THE DEFENDANT'S BEHALF.

IN OTHER WORDS, YOU MUST AWARD PLAINTIFF ALL DAMAGES TO WHICH YOU BELIEVE HE IS ENTITLED AND MAY NOT REDUCE THE AMOUNT OF PLAINTIFF'S DAMAGES AWARD BY AMOUNTS PLAINTIFF RECEIVED FROM ANY OTHER PARTY, UNLESS IT IS SHOWN THAT THOSE PAYMENTS WERE MADE ON DEFENDANT'S BEHALF.

In re W.B. Easton Const. Co., Inc., 320 S.C. 90, 92, 463 S.E.2d 317, 318 (1995); Covington v. George, 359 S.C. 100, 103, 597 S.E.2d 142, 144 (2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 4:11-cv-3431-DCN-TER

JAMES LAMAR FRASIER,

                              Plaintiff,

        v.                                          PLAINTIFF'S PROPOSED JURY
                                                    INSTRUCTION No. 16
CAROLINA CENTER FOR                                 (NONECONOMIC DAMAGES)
OCCUPATIONAL HEALTH, LLC,

                              Defendant.

NONECONOMIC DAMAGES ARE TO COMPENSATE THE PLAINTIFF FOR HIS INJURIES OR LOSS ARISING FROM PAIN, SUFFERING, INCONVENIENCE, PHYSICAL IMPAIRMENT, DISFIGUREMENT, MENTAL ANGUISH, EMOTIONAL DISTRESS, LOSS OF SOCIETY AND COMPANIONSHIP, LOSS OF CONSORTIUM, INJURY TO REPUTATION, HUMILIATION, OTHER NONPECUNIARY DAMAGES, AND ANY OTHER THEORY OF DAMAGES INCLUDING, BUT NOT LIMITED TO, FEAR OF LOSS, ILLNESS, OR INJURY.

TO AWARD THE PLAINTIFF MORE THAN $431,865 IN NONECONOMIC DAMAGES, YOU MUST FIND THAT THE DEFENDANT'S CONDUCT WAS GROSSLY NEGLIGENT OR RECKLESS OR WILLFUL OR WANTON.

S.C. Code Ann. §§ 15-32-210, 15-32-220; Clark v. S. Carolina Dep't of Pub. Safety, 362 S.C. 377, 383, 608 S.E.2d 573, 576-77 (2005).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO. 4:11-cv-3431-DCN-TER**

| | |
|---|---|
| **JAMES LAMAR FRASIER,** | |
| **Plaintiff,** | |
| **v.** | **PLAINTIFF'S PROPOSED JURY** |
| | **INSTRUCTION No. 17** |
| **CAROLINA CENTER FOR** | **(PUNITIVE DAMAGES)** |
| **OCCUPATIONAL HEALTH, LLC,** | |
| **Defendant.** | |

IF YOU AWARD ACTUAL DAMAGES, YOU MAY ALSO CONSIDER AN AWARD OF PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE INTENDED TO PUNISH THE DEFENDANT FOR EXTRAORDINARY AND OUTRAGEOUS MISCONDUCT AND TO PREVENT THE DEFENDANT AND OTHERS FROM COMMITTING SIMILAR ACTS IN THE FUTURE. PUNITIVE DAMAGES CAN ONLY BE AWARDED WHEN CONDUCT OF THE DEFENDANT HAS BEEN SOMETHING MORE THAN MERE NEGLIGENCE. THE EVIDENCE MUST ESTABLISH THE DEFENDANT'S ACTS WERE RECKLESS, WILLFUL OR WANTON, MEANING THERE WAS A CONSCIOUS FAILURE TO EXERCISE DUE CARE OR A CONSCIOUS INDIFFERENCE TO THE RIGHTS AND SAFETY OF OTHERS OR A RECKLESS DISREGARD THEREOF.

IF YOU FIND THAT THE DEFENDANT'S CONDUCT WAS WILLFUL, WANTON, OR RECKLESS, YOU MAY AWARD THE PLAINTIFF PUNITIVE DAMAGES. TO SUPPORT AN AWARD OF PUNITIVE DAMAGES, THE PLAINTIFF MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CONDUCT COMPLAINED OF INCLUDED A CONSCIOUSNESS OF WRONGDOING AT THE TIME OF THE CONDUCT.

BEFORE AWARDING PUNITIVE DAMAGES, YOU MUST CONSIDER AND WEIGH FOUR ELEMENTS WHICH MAY BE PERTINENT TO THE FACTS OF THIS CASE:

YOU MUST FIRST CONSIDER THE RELATIONSHIP BETWEEN ANY PUNITIVE DAMAGE AWARD AND THE HARM CAUSED. ANY PENALTY IMPOSED SHOULD TAKE INTO ACCOUNT THE REPREHENSIBILITY OF THE CONDUCT, THE HARM CAUSED, THE DEFENDANT'S AWARENESS OF THE CONDUCT'S WRONGFULNESS, THE DURATION OF THE CONDUCT, AND ANY CONCEALMENT.  THUS, ANY PENALTY IMPOSED SHOULD BEAR A RELATIONSHIP TO THE NATURE AND EXTENT OF THE CONDUCT AND THE HARM CAUSED, INCLUDING THE COMPENSATORY DAMAGE AWARD MADE BY YOU.

SECONDLY, ANY PENALTY IMPOSED SHOULD TAKE INTO ACCOUNT, AS A MITIGATING FACTOR, ANY OTHER PENALTY THAT MAY HAVE BEEN IMPOSED OR WHICH MAY BE IMPOSED FOR THE CONDUCT INVOLVED, INCLUDING ANY CRIMINAL OR CIVIL PENALTY OR ANY OTHER PUNITIVE DAMAGES AWARD ARISING OUT OF THE SAME CONDUCT.

NEXT, YOU SHOULD CONSIDER WHETHER THE AWARD OF AND THE AMOUNT OF ANY PUNITIVE DAMAGES AWARD MAY DEPRIVE THE DEFENDANT OF ANY PROFITS DERIVED FROM THE IMPROPER CONDUCT AND WHETHER THE ILL-GOTTEN PROFITS SHOULD BE PROPERLY AWARDED TO THE PLAINTIFF.

FINALLY, ANY AWARD OF PUNITIVE DAMAGES MUST BE LIMITED TO PUNISHMENT AND, THUS, MAY NOT EFFECT ECONOMIC BANKRUPTCY.  TO THIS END, THE DEFENDANT'S ABILITY TO PAY ANY PUNITIVE DAMAGE AWARD

SHOULD BE CONSIDERED.  HOWEVER, THE ECONOMIC BANKRUPTCY FACTOR IS

NOT AN ABSOLUTE BAR TO AN AWARD OF PUNITIVE DAMAGES.


Mattison v. Dallas Carrier Corp., 947 F.2d 95 (4th Cir. 1991); Clark v. Cantrell, 339 S.C. 369, 529 S.E.2d 528 (2000); Welch v. Epstein, 342 S.C. 279, 536 S.E.2d 408 (Ct. App. 2000); Gamble v. Stevenson, 305 S.C. 104, 406 S.E.2d 350 (1991); S.C. Code Ann. § 15-33-135.