**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JAMES LAMONT FRASIER, ) <br> ) <br> Plaintiff, ) <br> ) No. 4:11-cv-3431-DCN <br> vs. ) <br> ) **ORDER** <br> CAROLINA CENTER FOR ) <br> OCCUPATIONAL HEALTH LLC, ) <br> ) <br> Defendant. ) <br> ) | |

This matter is before the court on a renewed motion for judgment as a matter of law and a motion for a new trial filed by plaintiff James Lamont Frasier ("Frasier") pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies plaintiff's motion.

## I. BACKGROUND

Frasier filed this civil action on December 16, 2011, alleging that during his incarceration in the Charleston County Detention Center, defendant Carolina Center for Occupational Health LLC ("CCOH") negligently delayed the diagnosis and treatment of his neurotuberculosis, causing Frasier to go blind. Am. Compl. ¶ 26. Specifically, beginning on October 16, 2009, Frasier repeatedly visited the CCOH clinic with complaints about pain and swelling in his right eye, facial numbness, and weakness on his right side. Pl.'s Mot. 1–2. On December 2009, CCOH performed an annual skin tuberculosis test on Frasier, which came back with a positive result, measuring at 18 millimeters. Id. at 2. CCOH initially diagnosed and treated Frasier for Bell's palsy. Trial Tr. July 14, 2015 147:8–23. Frasier's vision loss continued to worsen—he lost all

1

sight in his right eye and continued to lose vision in his left eye until he could only see flashes of light. Pl.'s Mot. 2. On February 2, 2010, CCOH referred Frasier to MUSC. Id. MUSC diagnosed Frasier with neurotuberculosis and was able to save some vision in Frasier's left eye. Id.

A jury trial was held on July 13–16, 2015. During the trial, the court granted CCOH's motion for judgment as a matter of law as to punitive damages. On July 16, 2015, a jury returned a verdict finding CCOH not liable for medical malpractice. The court entered the jury's verdict on July 17, 2015. On August 19, 2015, Frasier filed an amended motion for judgment as a matter of law as to CCOH's liability and a motion for a new trial "to determine his resulting damages, including punitive damages." Pl.'s Mot. 1. CCOH filed a response on September 8, 2015. The motion has been fully briefed and is ripe for the court's review.

## II. LEGAL STANDARD

Rule 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a) [before the case is submitted to the jury], the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A trial court should award judgment as a matter of law to a movant pursuant to Fed. R. Civ. P. 50(b) "if a reasonable jury could only reach one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005); see also Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1189 (4th Cir. 1990) (The court should grant judgment as a matter of law only if "the evidence is so clear that reasonable

2

men could reach no other conclusion than the one suggested by the moving party."). A movant is entitled to judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996); Wheatley v. Wicomico Cnty., Md., 390 F.3d 328, 332 (4th Cir. 2004) (motion for judgment as a matter of law following a jury's verdict granted "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof").

Judgment as a matter of law is appropriate when the evidence can support only one reasonable conclusion. See Chaudhry v. Gallerizzo, 174 F.3d 394, 405 (4th Cir. 1999). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988); see also Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999) (A Rule 50 motion should be granted "if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings."). If there is any evidence on which a reasonable jury could return a verdict in favor of the nonmoving party, judgment as a matter of law should not be granted. Price, 93 F.3d at 1249. "If reasonable minds could differ, [the court] must affirm the jury's verdict." Pitrolo v. Cnty. of Buncombe, 407 F. App'x 657, 659 (4th Cir. 2011) (citing Dennis v. Columbia Colleton Med. Ctr., 290 F.3d 639, 645 (4th Cir. 2002)).

Alternatively, a motion for a new trial under Fed. R. Civ. P. 59(a) may be granted "on all or some of the issues . . . to any party . . . for any reason for which a new trial has

heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). This rule allows a trial court to set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). "[A] Rule 59(a) motion for new trial is a matter "resting in the sound discretion of the trial judge." Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir. 1999).

## II.  DISCUSSION

Frasier first asserts that the court should enter judgment for him as a matter of law as to CCOH's liability because "no reasonable factfinder could conclude" that CCOH did not violate the applicable standard of care. Pl.'s Mot. 4. Frasier further asserts that evidence presented during trial established that CCOH's alleged negligence proximately caused Frasier's vision loss. Id. CCOH, however, contends that "[t]he jury had ample evidence on which to base its verdict[,] . . . [and] clearly reached a reasonable conclusion." Def.'s Resp. 7.

To prevail on a medical malpractice claim, a plaintiff must establish (1) a standard of care; (2) a breach of that standard; (3) proximate cause; and (4) damages. Fletcher v. Med. Univ. of S.C., 702 S.E.2d 372, 374 (S.C. Ct. App. 2010). Here, the court finds that there was sufficient evidence presented at trial to support the jury's finding that CCOH was not liable for medical malpractice. Price, 93 F.3d at 1249. For example, CCOH provided the testimony of four experts who stated that CCOH complied with the standard of care. CCOH first provided the testimony of Dr. Theodolph Jacobs, M.D. ("Dr.

4

Jacobs"), as both Frasier's primary care physician and as an expert witness. Dr. Jacobs explained to the jury his reasoning for the course of treatment and the referrals that he provided to Frasier. Trial Tr. July 14, 2015 140:12–161:18. He testified that he complied with the standard of care and that treatment is dependent on the signs and symptoms exhibited following a positive tuberculin skin test. Id. 150:17–153:19; 155:19–156:22; 158:1–159:14; 161:12–18.

Next, CCOH offered the testimony of Dr. Timothy E. West, M.D. ("Dr. West"), a board certified infectious disease specialist. Trial Tr. July 15, 2015 99:14–16. Prior to Dr. West's testimony, Frasier's counsel questioned a witness about a CCOH policy requirement that a patient in an institutional setting be prophylactically treated for tuberculosis when his tuberculin skin test gives a positive result. Id. 88:20–89:7. Dr. West recognized that Frasier did not receive any tuberculosis treatment after his positive skin test result, but found that CCOH nevertheless complied with the standard of care and referred Frasier to MUSC in a timely manner. Id. 102:8–20; 129:20–130:4.

Dr. John Kerrison, M.D., a neuro-ophthalmologist, then testified that CCOH complied with the applicable standard of care at all times. Trial Tr. July 15, 2015 149:21–150:3. Finally, CCOH provided testimony from Dr. Charles Bush, M.D. ("Dr. Bush"), an expert in correctional facility medicine with years of experience. Dr. Bush testified that Dr. Jacobs and CCOH "complied quite well with the standard of care." Trial Tr. July 16, 2015 15:12–19. He further testified that Frasier was timely referred to an ophthalmologist and that referral to the emergency room was not appropriate based on what Dr. Jacobs knew of Frasier's condition. Id. 26:6–27:2.

In contrast, Frasier provided one expert, Dr. Christopher Parsons, M.D., who stated that CCOH breached the applicable standard of care, but admitted that he had no experience practicing medicine in a prison system. Frasier now argues that "no reasonable factfinder could conclude that a violation of an applicable standard of care did not occur" given that CCOH admitted that it failed to comply with its policy regarding the treatment of tuberculosis. Pl.'s Mot. 4. However, a violation of a policy procedure does not necessarily establish that a breach in the standard of care occurred as a matter of law. See Hudson v. Wal-Mart Stores E., L.P., 2007 WL 2107466, at *3 (W.D. Va. July 20, 2007) ("Violation of company policy does not show a breach in the standard of care.") (applying Virginia law) (citing Hottle v. Beech Aircraft Corp., 47 F.3d 106, 110 (4th Cir. 1995)); Madison ex rel. Bryant v. Babcock Ctr., Inc., 638 S.E.2d 650, 659 (S.C. 2006) ("The factfinder may consider relevant standards of care from various sources in determining whether a defendant breached a duty owed to an injured person in a negligence case," including "a defendant's own policies and guidelines") (emphasis added). Rather, it is for the factfinder to determine whether a breach in the standard of care in fact occurred.

CCOH also presented evidence that CCOH did not proximately cause Frasier's alleged damages. Specifically, Dr. Kerrison opined "to a reasonable degree of medical certainty" that Frasier's recurrent neurotuberculosis did not cause Frasier's eventual vision loss in his left eye. Trial Tr. July 15, 2015 151:11–152:3. He further testified that Frasier's vision loss in his right eye "was profound from the get-go" and "his vision was not going to come back," regardless of any alleged conduct by CCOH. Id. 151:3–10. In

short, Dr. Kerrison testified that CCOH's alleged medical malpractice did not cause Frasier to lose his vision.  Id. 152:9-14.

Based on the above evidence, it was reasonable for the jury to find that Frasier did not establish the essential elements of his medical malpractice claim.  Because the court denies Frasier's motion for judgment as a matter of law as to CCOH's liability, the court need not reach the issue of whether a new trial on damages is appropriate.  The court nevertheless addresses Frasier's arguments on the issue of punitive damages in an abundance of caution.

Specifically, Frasier argues that the court erred in granting judgment as a matter of law on Frasier's punitive damages claim and that the court should order a new trial to determine damages.  Pl.'s Mot. 4–5.  To establish punitive damages, South Carolina law requires that the plaintiff prove "by clear and convincing evidence that the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights."  Mellen v. Lane, 659 S.E.2d 236, 251 (S.C. Ct. App. 2008) (citing Taylor v. Medenica, 479 S.E.2d 35, 46 (S.C. 1996); Lister v. NationsBank of Del., 494 S.E.2d 449, 458 (S.C. Ct. App. 1997)).

Here, Frasier contends that sufficient evidence existed to permit a reasonable jury to find that CCOH's actions were "willful, wanton, or reckless."  Pl.'s Mot. 4–5.  Frasier further argues that because the court provided the law on punitive damages in its opening jury instructions, granting CCOH's motion for judgment as a matter of law on punitive damages "suggested to the jury factual findings or a lack of evidence."  Id. at 5.

The court finds these arguments to be without merit.  After Frasier rested his case at trial, CCOH moved for judgment as a matter of law on punitive damages.  Trial Tr.

7

July 15, 2015 34:17–22.  CCOH's counsel argued that Frasier had failed to demonstrate any "clear and convincing evidence for punitive damages."  Id. 35:4–8.  After careful consideration of the parties' arguments and the evidence presented at trial, the court found that there was "[n]o clear and convincing [evidence] with regard to recklessness, willfulness, [and] wantonness," and granted CCOH's motion.  Id. 40:1–5.  The court affirmed this finding when it again found no clear and convincing evidence of punitive damages following Frasier's counsel's "invitation to reconsider" the court's decision to grant CCOH's motion for judgment as a matter of law on punitive damages.  Id. 196:17–20; 201:7–12.

      Accordingly, the court carefully considered the issue of punitive damages at the trial and found that no reasonable jury could find that defendant's actions were willful, wanton, or reckless by clear and convincing evidence.  Notably, Frasier's counsel never objected to the opening charge on punitive damages at any point in the trial, and the court specifically instructed the jury that the law given in the closing jury instructions would "control" their decision.  Trial Tr. July 13, 2015 25:15–16.  The court therefore denies Frasier's motion as to punitive damages.

      Frasier also briefly requests "a new trial absolute" if the court "finds that the jury's verdict was contrary to the clear weight of the evidence or will result in the miscarriage of justice."  Pl.'s Mot. 5.  However, Frasier fails to demonstrate that there has been an intervening change in controlling law, new evidence for this court to consider, or that this court made any clear errors of law.  Accordingly, the court denies Frasier's motion for a new trial.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Frasier's renewed motion for judgment as a matter of law and a motion for a new trial pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 4, 2016**
**Charleston, South Carolina**